# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | CASE NO. 1:18CV1718 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| LORAIN COUNTY COMMUNITY COLLEGE, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Amended Complaint of *pro se* Plaintiff Anthony Williams (ECF DKT #3). Also before the Court is the motion of Plaintiff to proceed with this matter *in forma pauperis* (ECF DKT #2), which is granted.

For the reasons that follow, this case is dismissed. Plaintiff's Motion for the Appointment of Counsel is moot, and denied as such (ECF DKT #4).

## I. BACKGROUND

Plaintiff's rambling Complaint is difficult to parse. He is a student at Defendant Lorain County Community College ("LCCC") who expected to graduate in May 2018, but alleges that a problem with access to an assignment in an on-line course taught by Mr. Benjamin jeopardized his graduation (*see* ECF DKT #3 ¶¶ 1-10). Plaintiff further alleges that in February 2018, he applied for a full-time position to become the associate director for the LCCC/Cleveland State University partnership, with an annual salary of $45,000.00. Plaintiff claims that LCCC employee Melinda Coleman told him that he was hired for the position, though he had not been

interviewed, but was later told by LCCC employee Verniece Jackson that the position was filled (*see id.* ¶¶ 11-19).

Plaintiff further alleges that on June 25, 2018, he went to financial services regarding the parental signature page for his FAFSA[1] application. Plaintiff claims that LCCC employee Elizabeth Garcia in the financial aid office is "creating controversy" because she asked him questions regarding his parental and financial circumstances. He claims that he is seeking a FAFSA refund because of a "poor online experience" with Mr. Benjamin (*see id.* ¶¶ 20-26). Plaintiff states that he is systematically being denied access to his diploma and education by LCCC, and is being audited by the IRS "due to the professor and financial accounting clerk creating tax levy" (*id.* ¶ 27).

In a supplement to the Complaint, Plaintiff describes this action as "a civil lawsuit for the breach of contract" pursuant to 42 U.S.C. § 1983, and cites a variety of federal statutes, including criminal statutes 18 U.S.C. §§ 241 and 242, 26 U.S.C. § 7201, as well as 5 U.S.C. § 8401 (definitions concerning federal employees' retirement system) and Title VI of the Civil Rights Act, which prohibits discrimination with respect to programs or activities receiving federal financial assistance. Plaintiff seeks discovery concerning copyright infringement, damaged property, unfair debt collection and discrimination (*see* ECF DKT #5).

For relief, Plaintiff seeks removal of his resume application from the electronic file, an associate of arts diploma and FAFSA dependency override, $12.00 for a CSU transcript fee, $15.99 for cap and gown, $41.00 mailbox fee, $2,200.00 for a spring semester Pell grant refund, $45,000.00 salary and $500,000.00 in damages for Defendant's violation of consumer and civil

---

[1] FAFSA is an acronym for Free Application for Federal Student Aid.

rights, race discrimination, right to a continuous contract, student contract and association rights, verbal contract, laws of merchant, as well as for employment discrimination in education, discrimination in federally assisted programs, fraud and unfair debt collection practices and copyright infringement. (ECF DKT #3 ¶ 28).

## II. DISCUSSION

### A. Standard of Review

Pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Notwithstanding liberal pleading construction, *pro se* plaintiffs must still meet the basic pleading requirements of Fed. R. Civ. P. 8, and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B)). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

In order to state a plausible claim for relief, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Iqbal*, the United States Supreme Court discussed *Twombly* and provided additional analysis of this standard: "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**B. Analysis**

Plaintiff fails to state a plausible claim under 42 U.S.C. § 1983 upon which relief can be granted. Section 1983 is not a source of substantive rights, but a means by which Plaintiff may seek relief for the deprivation of rights secured by the Constitution or federal laws. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a claim under § 1983, Plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citations omitted).

As an initial matter, to the extent that Plaintiff asserts a claim for relief based upon criminal statutes – 18 U.S.C. § 241, 18 U.S.C. § 242, and 26 U.S.C. § 7201 – he fails to state a plausible claim for relief because private individuals lack standing to bring a civil suit based upon a criminal statute. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their

4

alleged unlawful acts.") (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)).

With respect to his remaining claims, Plaintiff's Complaint and supplement consist of fantastical stream of consciousness allegations which do not set forth legal claims that are intelligible to the Court. As an example, Plaintiff alleges that: "I am being audited by the Internal Revenue Service due to the professor and financial accounting clerk creating tax levy. Financial statements do not reflect the current value of the assets and liability of a company. They are not complying with auditing standards committing fraud. I also believe my resume was being factored into the auditors' corrupt practice as a tactic to get my professional contacts and information. Which is evident [sic] of a hate crime" (ECF DKT #3 ¶ 27).

Even according the Complaint great latitude and liberal construction, Plaintiff's amalgam of fragmented factual allegations fail to plausibly support the conclusory legal claims asserted against Defendant. The Court is not required to accept vague and disjointed factual allegations and summary legal conclusions when determining whether a complaint states a plausible claim for relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.") (emphasis in original) (quoting *Allard v. Weitzman* (*In re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1 993)) (further citation omitted). Plaintiff has failed to satisfy the basic pleading requirements of Rule 8, which require factual allegations sufficient to give Defendant fair notice of Plaintiff's claims and the factual bases upon which those claims rest. *Bassett v. Nat'l Collegiat Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard*, 76 F.3d at 726). The Court is not required to conjure

5

factual allegations or to construct legally plausible claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citations omitted). The vague and incomprehensible nature of Plaintiff's allegations are insufficient to allow the Court to infer that Defendant is liable for the conduct alleged, and warrant summary dismissal pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted. Plaintiff's motion for appointment of counsel is moot and denied as such. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                  /s/Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated: February 26, 2019**